## A. B. VAN DYKE v. THE STATE.

### No. 3591. Decided June 9, 1915.

Motion for rehearing denied October 13, 1915.

**1.—Local Option—County Court—Statement of Facts—Bills of Exception.**

Where the alleged statements of facts and bills of exceptions were filed after the adjournment of the County Court without an order having been entered for that purpose, the same can not be considered on appeal.

**2.—Same—Private Docket—Order of Court—Notice of Appeal.**

Where it was shown on appeal from the County Court that the judge entered on his private docket a memorandum that defendant asked and was granted the time provided by law in which to file his statement of facts, but said order was not carried forward into the minutes of the court, the same can not be considered on appeal. It is different as to notice of appeal given and entered on the court's docket.

**3.—Same—Information—Local Option in Force—Presumption.**

Where defendant made a motion to quash the information on the ground that the local option law was not in force, but there was no evidence of the fact, this question can not be considered on appeal, and it is questionable whether this could be done on motion to quash. However, this court must presume that the election for local option was properly held, in the absence of an attack upon it.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Smith & Spiller* and *W. A. Anderson,* for appellant.—On question of filing statement of facts and bills of exception: Art. 845, Code of Criminal Procedure; sec. 2, Acts 1911, adopting C. C. P.; sec. 7, p. 266, Acts 1911; sec. 13, p. 268, Acts 1911.

On question of local option law in force: Dodson v. State, 174 S. W. Rep., 1048.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with violating the local option law.

There are several interesting questions raised in the motion for new trial and bills of exception, but the record is in such condition that the statement of facts and bills of exception can not be considered. All these papers were filed after adjournment of court without an order having been entered for that purpose; at least the record is before us without an order authorizing the filing of statement of facts and bills of exception after adjournment of court. In this attitude of the record these papers can not be considered, and the questions suggested in motion for new trial and bills of exception can not be revised.

The judgment, therefore, will be affirmed.

*Affirmed.*

ON REHEARING.

October 13, 1915.

DAVIDSON, JUDGE.—Just before the adjournment of the term of court in June last the judgment herein was affirmed. The statement of facts and bills of exception were filed out of term time without an order of the court entered granting time for such purpose. Appellant insists we were in error in not considering his statement of facts and bills of exception, referring us to the Act of 1911, article 845 of the Procedure as authority authorizing such papers to be filed whether there was an order entered or not. In view of the numerous decisions holding to the contrary, and that that law did not apply to County Court cases, and only applied to the stenographer's Act, the statement of facts and bills of exception can not be considered. It is deemed unnecessary to cite these cases.

The clerk sends a certificate showing that the court entered upon his private docket the following: "Defendant's motion having been this day overruled and he having given notice of appeal, and his bond fixed at $700, defendant asked and was granted the time provided by law in which to file his statement of facts." This order was not carried forward into the minutes of the court, and, therefore, can not be considered. The writer was under the impression that this court would be authorized to consider such an order and consider the statement of facts and bills of exception, but upon looking over the session Acts fails to find that the Legislature enacted such a statute. We find that the Acts of the last Legislature contain a statute to the effect that where notice of appeal has been given and not carried into the minutes, this may be shown either in vacation or term time and the proper order entered, and it shall be regarded as having occurred at the time the notice of appeal was given, but statement of facts and bills of exception were not included in that statute. We, therefore, can not consider the statement of facts and bills of exception.

Motion was made to quash the information and affidavit because prohibition of the sale of intoxicating liquors in the County of Scurry is not in effect for the reason that the election wherein the question was submitted to the voters of said county and the publication of the result thereof was not in conformity with the statute governing such election as is shown by the records of the minutes of the Commissioners Court of Scurry County. Without evidence of that fact before us this question can not be considered. Where the validity of the election is attacked, the evidence must show such election to be invalid, and that the law was not in force. Whether this could be done on motion to quash or not it is not necessary here to decide, but inasmuch as this court must presume that the election was properly held in the absence of an attack on it, that question can not under condition of this record be considered on motion to quash. It might come up in the evidence, and if the evidence showed there was no valid election, of course, the evidence would not be sufficient to support a conviction. There must

be a law in force punishing the offense, else a conviction can not occur. But as the matter is presented we can not consider it.

The motion for rehearing, therefore, will be overruled.

*Overruled.*